**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **LAKSHMI ARUNACHALAM,** | |
| **Plaintiff,** | **C.A. No. _____** |
| **v.** | |
| **ALLY FINANCIAL INC.**<br>**and**<br>**ALLY BANK,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Dr. Lakshmi Arunachalam hereby files this complaint for patent infringement against Ally Financial Inc. and Ally Bank, and alleges upon information and belief as follows:

### PARTIES

1. Plaintiff, Dr. Lakshmi Arunachalam, resides at 222 Stanford Avenue, Menlo Park, California 94025. Plaintiff has provided innovative software products, services and solutions that enable distributed transaction processing and control over public and private networks, including, without limitation, the Internet and the World-Wide Web through Pi-Net International, Inc. and other companies that she had founded.

2. The patent asserted here was issued to Dr. Arunachalam based on an application having a priority date of 1995. The patent discloses the fundamental technology underlying Web commerce and other online services over the Web by use of Web applications. The examples of the pioneering technology in her patent were directed to online banking and other financial services on the Web which are the same as in the Defendants' accused systems.

3.      Defendant Ally Financial Inc. is a corporation organized under the laws of the State of Delaware and maintains The Corporation Trust Company as its registered agent located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Ally resides in this judicial district and transacts business throughout the State of Delaware, including this judicial district.  Furthermore, by incorporating in the State of Delaware, Ally has availed itself of Delaware law.

4.      Defendant Ally Bank is a wholly-owned subsidiary of Defendant Ally Financial Inc., and is a Utah corporation with its principal place of business in Midvale, Utah.  This Defendant may be served with process through its registered agent in Delaware, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. The parent, Defendant Ally Financial Inc., and its subsidiary, Defendant Ally Bank, shall hereafter be collectively referred to as "Ally."

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over the Defendant Ally Financial Inc. by virtue of its incorporation in the State of Delaware, and its presence and business activities within this judicial district.  This Court has personal jurisdiction over the Defendant Ally Bank by virtue of its presence and business activities within this judicial district.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

**BACKGROUND**

8.      On September 18, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,271,339 ("the '339 Patent"), entitled "Method And Apparatus For Enabling Real-Time Bi-Directional Transactions On A Network," to Dr. Lakshmi Arunachalam.  Plaintiff is the owner of all rights, title, and interest in the '339 Patent, including the right to recover damages for past infringement.  A copy of the Patent is attached to the Complaint as Exhibit A.

9.      Ally provides online services via electronic means accessible through several websites, which include, but are not limited to the sites that can be originated from the following website:  https://secure.ally.com.  These sites can be accessed from stationary personal computers or from mobile devices such as laptop computers, smartphones and tablets.  Upon accessing these sites, Defendants' clients or customers can, for example, make transfers between Ally accounts, between Ally and non-Ally accounts and between an Ally client or customer and other people by way of "popmoney"; pay and manage bills online, including managing eBills; and automatically redeem benefits from qualifying purchases with the Ally Checking Debit Card.  Through Ally Mobile Banking, the customers or clients can access their accounts, make deposits, transfer funds, pay your bills and locate ATMs.

10.     The above and other services practice a computer-implemented method for delivering Point-of-Service applications to a multi-media device over the World Wide Web, where the method comprises:

providing a Web server in communication with a Web merchant's on-line Web application and a database;

communicating a Web page for display on a multi-media device, where the Web page comprises a graphical user interface configured to generate a list of multiple Point-of-Service applications which may be accessed by the user over the Web and to accept user input;

allowing the user to select an on-line Point-of-Service application displayed on the Web page on the multi-media device;

instructing a Web server to hand over a request by the user to access the Web merchant's on-line service Web application available through the Point-of-Service application, said Web merchant's on-line service Web application available over the Web and in communication with the Web merchant's database;

maintaining an open connection over the Web until the user's transaction with the on-line Web application is complete;

delivering said particular Point-of-Service application in real-time to the multi-media device across a service network over the Web; and

performing a real-time non-deferred bidirectional Web transaction requested by the user,

where the Point-of-Service application is a banking application that operates to connect to a financial institution over the Web.

11.     Ally provides the cited services and practices the above methods by making and using a Web application on line service network portal which is offered to the public for delivering Web applications to a multi-media device, where the portal comprises a non-transitory computer storage device having stored thereon executable instructions that, when executed by one or more processors of a computer system, implement a method for:

delivering a Point-of-Service application interface on a Web page by the Web merchant to expose to an online services offered by the Web merchant as a Web application, said Web

application including at least one object comprising information entries and attributes, wherein the object exposes one or more objects of a line of Web applications to the user;

providing said Point-of-Service application interface to allow a user to access the Web application from the Web application on-line service network portal offered by the Web merchant, delivering Web applications to the multi-media device;

connecting to the Web application on-line service, allowing the Web application on-line service client user access to the Web application on-line service; and

maintaining the connection open until the Web application on-line service client user's real-time Web transaction with the Web application on-line service is complete so that the user may perform a real-time, non-deferred, bidirectional transaction on the Web.

## COUNT I
### (Infringement of the '339 Patent)

12.    Plaintiff incorporates and realleges paragraphs 1- 11.

13.    Defendants directly infringed and is continuing to infringe at least claims 5 and 12 of the '339 Patent by practicing without authority the method of claim 5, and by making and using without authority the computer storage device of the Web application on line service network portal of claim 12 maintained on servers located in and/or accessible from the United States under Defendants' control.

14.    Defendants' infringement has injured Plaintiff.  Accordingly, Plaintiff is entitled to recover damages adequate to compensate her for such infringement, but in no event less than a reasonable royalty, and an injunction to prohibit further infringement of the '339 Patent or future compensation for use of the inventions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter judgment against Ally and against Ally's subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.      An award of damages adequate to compensate Plaintiff for the infringement that has occurred, together with prejudgment interest from the date infringement of the '339 Patent began;

B.      An award to Plaintiff of all remedies available under 35 U.S.C. § 284;

C.      An award to Plaintiff of all remedies available under 35 U.S.C. § 285;

D.      A permanent injunction under 35 U.S.C. § 283 prohibiting further infringement of the '339 Patent, and, in the alternative, in the event injunctive relief is not granted as requested by Plaintiff, an award of a compulsory future royalty; and

E.      Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

/s/     *George Pazuniak*_____
George Pazuniak, Esq. (Del. Bar No.  478)
O'KELLY ERNST & BIELLI, LLC
901 N. Market St.
Suite 1000
Wilmington, DE 19801
Telephone: 302-478-4230
E-mail: GP@del-iplaw.com

*Attorney for Plaintiff*
*Dr. Lakshmi Arunachalam*